FILED

2014 JAN -9 PM 3: 21

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, | Case No. 6:14-CV-40-Orl-37.DAB |
| Plaintiffs, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE AND UNFAIR TRADE PRACTICES; AND DEMAND FOR JURY TRIAL** |
| v. | |
| ISMAIL CUHADAR and CARS AND MORE EUROPEAN CAR SERVICE CENTER, LLC, | **INJUNCTIVE RELIEF SOUGHT** |
| Defendants. | |

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs" or "BMW") seek injunctive and monetary relief from Defendants Ismail Cuhadar and Cars and More European Car Service Center, LLC (hereinafter "Defendants") for trademark infringement, unfair competition, and deceptive and unfair trade practices with regard to Plaintiffs' famous Roundel logo, pictured below:



As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and Florida law through their use of Plaintiffs' Roundel logo on their building, business signage, and employee t-shirts.

### Parties

1.      Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff

Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding

Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische

Motoren Werke AG ("BMW AG"). BMW NA distributes new and previously owned BMW

passenger cars and BMW light trucks through its authorized dealer networks across the country.

2.      Plaintiff BMW AG is a corporation organized under the laws of the Federal

Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich,

Germany. BMW AG designs and manufactures motor vehicles, parts and other products for sale

in Europe and for export and sale throughout the world.

3.      Defendant Cars and More European Car Service Center, LLC is a Florida limited

liability company with its principal place of business at 10109 E. Colonial Drive, Orlando,

Florida 32817. Defendant is in the business of servicing, repairing, and selling pre-owned

automobiles, including BMWs, in competition with BMW and its authorized dealers.

4.      Defendant Ismail Cuhadar is the owner of Cars and More European Car Service

Center, LLC. He has personally directed and participated in the infringing acts alleged herein.

**Jurisdiction and Venue**

5.      This Court has personal jurisdiction over Defendants because Defendants are

citizens of and/or conduct business in the State of Florida.

6.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under

28 U.S.C. § 1367(a) over BMW's claims under Florida law.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendants reside

in and/or have their principal place of business in this District and, upon information and belief, a

substantial part of the events or omissions giving rise to the claims occurred and is occurring in

this District.

2

**BMW's Famous Marks**

8.      BMW is in the business of designing, manufacturing, distributing, and servicing

motor vehicles and a variety of other products under various trademarks, including the Roundel

logo (shown above).

9.      BMW NA, through itself and predecessors-in-interest, has been the exclusive

licensee and authorized user of the Roundel logo in the United States continuously since at least

as early as 1949 in connection with the sale and service of motor vehicles.

10.     Since long prior to the acts of the Defendants complained of herein, BMW has

used its Roundel logo in connection with its business of designing, manufacturing, distributing,

and servicing motor vehicles and a variety of other products in the State of Florida.

11.     BMW AG is the owner of the following U.S. Registrations for its Roundel logo:

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 613,465 | Oct. 4, 1955 | Automobiles, motorcycles and parts thereof |
|  | 1,170,556 | Sept. 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
|  | 1,450,212 | Aug. 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 2,752,258 | Aug. 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
|  | 3,418,573 | Apr. 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |

12.     These registrations were duly and legally issued, and are valid and subsisting. Registrations 613,465; 1,170,556; 1,450,212; and 2,752,258 are incontestable pursuant to 15 U.S.C. § 1065.

13.     BMW AG has licensed its Roundel logo to BMW NA for use in connection with the distribution, sale, service, and repair of the aforementioned products in the United States.

14.     BMW NA distributes BMW passenger cars and BMW light trucks and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers. BMW NA authorizes BMW dealerships to use the Roundel logo in connection with the sale and/or service of BMW products.

15.     To create and maintain goodwill among its customers, BMW NA has taken substantial steps to assure that all authorized BMW dealers using the Roundel logo are of the highest quality.

16.     BMW has expended millions of dollars in advertising efforts across the country in connection with its Roundel logo. As a result of its long use and promotion of this mark, BMW has established its Roundel logo as a famous and distinctive mark among members of the American public.

## Defendants' Wrongful Activities

17.     Defendants are displaying BMW's Roundel logo on their building, business signage, and employee t-shirts without authorization or permission from BMW. (*See* Exhibit A.)

18.     BMW has sent Defendants two letters requesting that they cease and desist all unauthorized uses of BMW's Roundel logo and trademark uses of any other BMW marks.

19.     As of the filing of this Complaint, however, Defendants are still displaying BMW's Roundel logo in connection with their business.

20.     Defendants have never provided services for BMW or any of its subsidiaries, affiliates or authorized agents.

21.     Defendants are not affiliated with or sponsored by BMW and have never been authorized by BMW or any of its subsidiaries, affiliates or authorized agents to use BMW's Roundel logo in any form.

22.     Defendants' unauthorized use of BMW's Roundel logo is intended to divert to Defendants persons who are interested in the products and services of BMW and to trade off the goodwill of BMW's mark.

23.     Defendants' unauthorized use of BMW's Roundel logo in the manner described above:

(a)     is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with BMW;

(b)     enables Defendants to trade off and receive the benefit of goodwill BMW has built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their

merits, but on the reputation and goodwill of BMW, its famous Roundel logo, and its products and services;

(c)      unjustly enriches Defendants; and

(d)      unlawfully removes from BMW the ability to control the nature and quality of products and services provided under its Roundel logo and places the goodwill and valuable reputation of BMW in the hands of Defendants, over whom BMW has no control.

24.      BMW has been damaged and continues to be damaged by Defendants' unauthorized use of BMW's Roundel logo in the manner described above.

25.      Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

### Count I
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

26.      BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 25 herein.

27.      Defendants' unauthorized use of BMW's Roundel logo in connection with identical goods and services is likely to cause confusion, to cause mistake or to deceive as to the source or sponsorship of Defendants' goods and services.

28.      The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, confusingly similar or colorable imitations of BMW's federally registered Roundel logo in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

29.     Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark.

30.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

WHEREFORE, BMW prays that:

A.     Judgment be entered for BMW on its claim.

B.     Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

        (1)     using BMW's Roundel logo, or any other name or mark that is confusingly similar to this mark, or any other mark or designation of BMW or its affiliates, including, but not limited to, use of BMW's Roundel logo on banners, signs, flags, windows, doors, interior and exterior walls, employee t-shirts, websites, photographs, advertisements, coupons, marketing materials, stationery, business cards, or anywhere else in connection with Defendants' business; and

        (2)     doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

C.     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case.

D.     Defendants be required to pay over to BMW:

(1)     in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a), an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement and unfair competition; and

(2)     BMW's reasonable attorneys' fees and costs of this action.

E.     Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to BMW for destruction all labels, signs, flags, banners, prints, packages, bottles, receptacles, containers, business cards, letterhead, photographs, advertisements and other promotional materials in Defendants' possession or control bearing BMW's Roundel logo and trademark use of any other BMW mark.

F.     Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

G.     BMW recover such other relief as the Court deems just and proper.

## Count II
### Federal Unfair Competition and False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

31.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 25 herein.

32.     Defendants' unauthorized use of BMW's Roundel logo falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with, or related to BMW.

33.     Defendants' unauthorized use of BMW's Roundel logo has caused, and is likely to continue to cause, confusion, mistake or deception as to the source or sponsorship of Defendants' goods and services.

34.     Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark.

35.     Defendants' unauthorized use of BMW's Roundel logo in connection with their goods and services allows Defendants to receive the benefit of BMW's goodwill, which BMW has established at great labor and expense, and further allows Defendants to expand their business and sales, based not on their own qualities, but on the reputation and goodwill of BMW.

36.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

WHEREFORE, BMW prays that:

A.      Judgment be entered for BMW on its claim.

9

B.     Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

(1)     using BMW's Roundel logo, or any other name or mark that is confusingly similar to this mark, or any other mark or designation of BMW or its affiliates, including, but not limited to, use of BMW's Roundel logo on banners, signs, flags, windows, doors, interior and exterior walls, employee t-shirts, websites, photographs, advertisements, coupons, marketing materials, stationery, business cards, or anywhere else in connection with Defendants' business; and

(2)     doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

C.     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case.

D.     Defendants be required to pay over to BMW:

(1)     in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a), an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting

10

from sales by Defendants relating to their aforesaid trademark
infringement and unfair competition; and

   (2)    BMW's reasonable attorneys' fees and costs of this action.

   E.    Defendants, in accordance with Section 36 of the United States Trademark
Act, 15 U.S.C. § 1118, be required to deliver up to BMW for destruction all labels, signs, flags,
banners, prints, packages, bottles, receptacles, containers, business cards, letterhead,
photographs, advertisements and other promotional materials in Defendants' possession or
control bearing BMW's Roundel logo and trademark use of any other BMW mark.

   F.    Defendants, in accordance with Section 34(a) of the United States
Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW,
within thirty (30) days after the entry and service on Defendants of an injunction, a report in
writing and under oath, setting forth in detail the manner and form in which Defendants have
complied with the terms of such injunction.

   G.    BMW recover such other relief as the Court deems just and proper.

## Count III
## Deceptive and Unfair Trade Practices
## (Fla. Stat. Ann. 501.211(1)-(2))

   38.    BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through
25 herein.

   39.    The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders
unlawful unfair methods of competition, unconscionable acts or practices, and unfair or
deceptive acts or practices in the conduct of any trade or commerce, pursuant to § 501.204, Fla.
Stat.

   40.    At the time Defendants engaged in the acts complained of herein, Defendants
were engaged in trade or commerce as defined in § 501.203, Fla. Stat.

41.     Defendants' practices as set forth herein constitute unfair competition in violation of FDUTPA, §§ 501.211(1)-(2), Fla. Stat., as they are likely to deceive and mislead the public.

42.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

WHEREFORE, BMW respectfully prays that this Court:

A.     Enter judgment for BMW on its claim.

B.     Enjoin and restrain the Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, during the pendency of this action, and permanently thereafter, from:

(1)     using BMW's Roundel logo, or any other name or mark that is confusingly similar to this mark, or any other mark or designation of BMW or its affiliates, including, but not limited to, use of BMW's Roundel logo on banners, signs, flags, windows, doors, interior and exterior walls, employee t-shirts, websites, photographs, advertisements, coupons, marketing materials, stationery, business cards, or anywhere else in connection with Defendants' business; and

(2)     doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

C.     Enter judgment in favor of Plaintiffs and against Defendants declaring that Defendants violated the Act.

D.     Enter an injunction enjoining the Defendants from future violations of the Act pursuant to § 501.211(1), Fla. Stat.

E.     Enter judgment for actual damages for violation of the Act pursuant to § 501.211(2), Fl. Stat., and an award of attorney's fees and costs pursuant to §§ 501.211(2) and 501.2105, Fla. Stat.

F.     Enter any and all other appropriate relief as this Court deems just and proper.

## Count IV
## Trademark Infringement and Unfair Competition
## (Common Law of Florida)

43.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 25 herein.

44.     The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Florida.

45.     Defendants' unauthorized use of the infringing mark as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the Defendants with BMW and the source, origin, or sponsorship of their respective products.

46.     Defendants' unauthorized use of the infringing mark as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair BMW's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court,

will continue to cause injury and damage to BMW for which BMW is entitled to relief under the common law.

47.    As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

WHEREFORE, BMW respectfully prays that this Court:

A.    Enter judgment for BMW on its claim.

B.    Enjoin and restrain the Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, during the pendency of this action, and permanently thereafter, from:

(1)    using BMW's Roundel logo, or any other name or mark that is confusingly similar to this mark, or any other mark or designation of BMW or its affiliates, including, but not limited to, use of BMW's Roundel logo on banners, signs, flags, windows, doors, interior and exterior walls, employee t-shirts, websites, photographs, advertisements, coupons, marketing materials, stationery, business cards, or anywhere else in connection with Defendants' business; and

(2)    doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

14

       C.     Award BMW compensatory damages and all other appropriate damages

and costs.

       D.     Enter any and all other relief as this Court deems just and proper.

## Jury Demand

BMW demands a trial by jury for all issues so triable as a matter of right.

Date:   January _7TH_, 2014

Respectfully submitted,

HAAS A. HATIC
Florida Bar No.: 843989
haas.hatic@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
954-491-1120 (Telephone)
954-343-6956 (Facsimile)

*Counsel for Plaintiffs*

15

16526247v1 10143:0006